**UNITED STATES of America**

v.

**William Emanuel ALLEN, Anthony Sberna, Joan Sberna.**

**Crim. No. 85–24.**

United States District Court, W.D. Pennsylvania.

March 12, 1985.

Linda L. Kelly, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

Thomas S. White, Asst. Fed. Pub. Defender, Pittsburgh, Pa., for Allen.

Kim Wm. Riester, Pittsburgh, Pa., for A. Sberna.

Norman Matlock, Pittsburgh, Pa., for J. Sberna.

## MEMORANDUM OPINION

DIAMOND, District Judge.

On February 12, 1985, a Grand Jury returned a thirteen-count indictment charging defendant William Emanuel Allen and defendant Anthony Sberna with, among other offenses, a number of violations of the Controlled Substances Act, including a drug conspiracy involving cocaine and heroin, 21 U.S.C. § 846, possession with intent to distribute cocaine and heroin, 21 U.S.C.

§ 841(a)(1), and, as to defendant Allen alone, engaging in a continuing criminal enterprise, 21 U.S.C. § 848(a)(1).[1]

A detention hearing pursuant to the Bail Reform Act of 1984, Pub.L. No. 98–473, §§ 202–210, 98 Stat. 1976–87 (codified at 18 U.S.C. §§ 3141–50) ("Act") was held before Magistrate Ila Jeanne Sensenich, who, on February 22, entered written orders of detention pending trial as to each of the defendants. Subsequently, each defendant filed a motion pursuant to 18 U.S.C. § 3145(b) to revoke or amend the order of detention entered by the magistrate, and, on March 7, 1985, a hearing was held on those motions before this member of the court.

■ Several threshold issues raised by the defendants must be addressed. First, the defendants argue that the Act is unconstitutional as applied to them since they are charged with committing crimes prior to October 12, 1984, the effective date of the Act. While the matter before the court has to do with detention *pending trial,* and the matter before the court in *United States v. Miller,* 753 F.2d 19 (3d Cir.1985), had to do with detention *pending appeal,* we believe nevertheless that the rationale and ruling of the court in *Miller* applies as well to the case *sub judice* and forecloses in this court the defendants' Ex-Post-Facto challenge to the constitutionality of the Act.

The defendant Allen next contends in paragraph 7 of his motion to revoke or amend that the application of the Act to him violates "the statutory doctrine that laws are presumed to be prospective in application, absent, express congressional intent to the contrary."

■ The short answer to this contention is that the Act is being applied prospectively to both of these defendants, since the Act became effective four months prior to the return of the indictment and the subsequent arrest and detention of the defend-

ants. *Cf. United States v. Mitchell,* 600 F.Supp. 164 (N.D.Cal.1985).

The defendant Allen contended at the review hearing that he was entitled to a hearing *de novo,* while defendant Sberna insisted that the court should be limited to a review of the record of the magistrate's hearing.

■ The language of 18 U.S.C. § 3145 providing for the review of release and detention orders by the court having original jurisdiction over the offense appears to confer broad discretion in that court to re-examine all aspects of those orders in order to make an independent decision as to whether they should be revoked or amended. There is nothing in the Act which precludes the taking of additional evidence, or "information" as § 3142(f) sometimes refers to it—particularly if it is contended, for example, that a relevant change in circumstances has occurred. And, in view of the provisions of § 3142(f) that the "rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information" at a detention hearing, there would appear to be no practical reason to preclude the court from utilizing the transcript and record of the earlier detention hearing as the basis for findings of fact. Of course, there are substantial reasons of judicial economy and speedy determination of the matter to favor such a procedure.

Accordingly, at the review hearing, the court admitted the transcripts and exhibits of the detention hearing held before the magistrate and permitted the parties to supplement the record with additional "information."

The defendants raise several issues concerning the construction of the Act with regard to the triggering of the rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" which arises under § 3142(e) upon a finding by

**1.** A third defendant also was charged in the drug conspiracy count, but no matters involving that defendant presently are before the court.

the judicial officer that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*).

The defendants argue that the judicial officer may not rely on the indictment charging a triggering offense as the basis for a finding of the requisite "probable cause to believe," but, rather, that the government must produce independent evidence as the basis for such a finding.

Section 3142(e) provides for the triggering of a rebuttable presumption in two distinct circumstances. First, it provides that,

... a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if the judge finds that—

"(1) the person has been convicted of a Federal offense that is described in subsection (f)(1), or of a State or local offense that would have been an offense described in subsection (f)(1) if a circumstance giving rise to Federal jurisdiction had existed;

"(2) the offense described in paragraph (1) was committed while the person was on release pending trial for a Federal, State, or local offense; and

"(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

■ It should be noted that this presumption pertains only the question of "safety" and that the facts which trigger the presumption have to do with *past* convictions.

■ In addition, subsection (e) provides for a second presumption that "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." This presumption, of course, relates to *both* "appearance" and "safety".

■ There is ample authority for the proposition that an "indictment is a determination of a probable cause by the grand jury" and is sufficient without more to satisfy the probable cause requirements of the Fourth Amendment for the issuance of a warrant of arrest. Wright, Federal Practice and Procedure: Criminal 2d § 151, *citing Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 865 n. 19, 43 L.Ed.2d 54 (1975); *Giordenello v. United States*, 357 U.S. 480, 487, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503 (1958).

■ Or, as stated by Professor Moore:

The Fourth Amendment protects against arrest unless there is probable cause to believe that a crime has been committed and that the person sought to be arrested committed it. The finding of an indictment by a grand jury conclusively establishes this element of probable cause.... (footnotes omitted) *citing Giordenello, supra.*

8 J. Moore, Moore's Federal Practice, ¶ 9.02[2] (2d ed. 1984).

■ And, the grand jury process is entitled to a presumption of regularity. *See, In Re Grand Jury Proceedings*, 632 F.2d 1033 (3d Cir.1980).

Nevertheless, the Act is not clear or explicit on the question of whether the indictment may be used to trigger the second presumption under § 3142(e). It provides only, as to the second presumption, that it arises if "the *judicial officer* finds that there is probable cause to believe that the person committed an offense...." § 3142(e). (emphasis added).

■ Subsection (f) of § 3142 prescribes some rules of procedure for the detention hearing, including that the "rules concerning admissibility of evidence in criminal

trials do not apply to the presentation and consideration of information at the hearing." This permits the admission and consideration of all forms of hearsay, including, presumably, the indictment itself, along with all the inferences and presumptions which flow therefrom.

■ In view of the ambiguity in the Act, resort to the legislative history is permissible. *See* Sutherland Stat. Const. § 48.06 (4th Ed.). The principal source of legislative history is found in the report of the Senate Committee on the Judiciary, S.Rep. No. 98–225, 98th Cong., 1st Sess., *reprinted in* 1984 U.S.Code Cong. & Ad. News at 1–40 (Supp. 9A). (Subsequent references to this report will appear at times as S.R. followed by the page number.)

■ We believe that a fair reading of the Act in conjunction with the legislative history supports the conclusion that the judicial officer must have a factual basis independent of the fact that an indictment has been returned upon which to make a finding of probable cause sufficient to trigger the second rebuttable presumption under § 3142(e).

Many provisions of the Act are based on a District of Columbia pretrial detention statute, D.C.Code 1973, § 23–1322, which was held to be constitutional in *United States v. Edwards*, 430 A.2d 1321 (D.C. App.1981) (en banc), *cert. denied*, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982).

Early in S.Rep. No. 98–225, the committee, referring to *Edwards*, recognizes that while pretrial detention is not *per se* unconstitutional, a pretrial detention statute may be constitutionally defective "if it fails to provide adequate procedural safeguards or if it does not limit pretrial detention to cases in which it is necessary to serve the societal interests it is designed to protect." S.R. at 8, U.S.Code Cong. & Admin.News 1984, at 11. Accordingly, the committee points out that "the pretrial detention provisions of this section have been carefully drafted with these concerns in mind." *Id.* at 8, U.S.Code Cong. & Admin.News 1984, at 11.

The report is replete with expressions of concern that pretrial detention be limited to those individuals who present specific evidence of risk of flight or dangerousness or who fall within a group as to which there is adequate empirical data indicating a high risk of flight or potential danger to others or the community; e.g. persons who have committed "grave" drug offenses. S.R. at 20. Repeated statements of the need for adequate procedural guarantees of fairness and due process are made. *See generally* S.R. at 8–22.

Thus, the report reflects a legislative intent carefully to circumscribe the circumstances which would give rise to pretrial detention and the intent to provide adequate procedural safeguards.

The committee noted that "[i]t [was] well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity" and that "persons *charged* with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism" and that " . . . the Committee received testimony that flight to avoid prosecution is particularly high among persons charged with major drug offenses." S.R. at 20, U.S.Code Cong. & Admin.News 1984, at 23 (emphasis supplied). As a result the committee included the second rebuttable presumption in § 3142(e).

Notwithstanding the above, the committee nevertheless pointed out that:

[b]ecause the requirements of subsection (e) must be met before a defendant may be detained, the fact that the defendant is *charged* with an offense described in subsection (f)(1)(A) through (C) *is not, in itself, sufficient to support a detention order.* However, the seriousness of the offenses described in subsection (f)(1)(A) through (C) coupled with the government motion is a sufficient basis for *requiring an inquiry* into whether detention may be necessary to protect the community from the danger that may be posed by a

defendant charged with one of these crimes. (emphasis supplied).

S.R. at 21, U.S.Code Cong. & Admin.News 1984, at 24.

The committee goes on to point out that the detention hearing procedures set forth in § 3142(f) are based on those of the D.C. Statute which was held to meet constitutional due process requirements in *United States v. Edwards, supra.*

At page 22 of the report, U.S.Code Cong. & Admin.News 1984, at page 25, the committee states in plain language its intent that there be an *evidentiary* basis for the *facts* that lead the judicial officer to conclude that pretrial detention is necessary.

Thus, for example, if the criminal history of the defendant is one of the factors to be relied upon, clear evidence such as records of arrest and convictions should be presented.... Similarly, if the dangerous nature of the current offense is to be the basis of detention, then there should be evidence of the specific elements or circumstances of the offense, such as possession or use of a weapon or threats to a witness, that tend to indicate that the defendant will pose a danger to the safety of the community if released.

S.R. at 22, U.S.Code Cong. & Admin.News 1984, at 25.

The confusion as to whether an indictment may in itself be sufficient to establish the probable cause which triggers the second presumption under § 3142(e) arises, I think, from the fact that Congress rejected as the basis for the triggering of the rebuttable presumption the "substantial probability" to believe standard set forth in the D.C. Statute and opted, instead, for the probable cause to believe standard found in § 3142(e). *See* S.R. at 18. Obviously, under the substantial probability test the fact that an indictment has been returned is irrelevant, since, of course, a grand jury may return an indictment on a mere finding of probable cause to believe that a crime was committed and the defendant committed it, which is a less demanding standard than substantial probability.

The committee felt that the substantial probability test created too high a standard of proof at the detention hearing stage and therefore recommended the lesser probable cause standard, which, coincidentally, just happens to be the same standard applied by grand juries in finding indictments. In doing this, however, there is nothing to indicate that Congress also intended to eliminate the need to prove probable cause by independent evidence or information supplied at a detention hearing. Indeed, the contrary appears to be the fact, since in rejecting the higher substantial probability standard the committee, nevertheless, expressed its belief "that the fact that the *judicial officer has to find probable cause will assure the validity of the charges against the defendant,* and that any additional assurance provided by the 'substantial probability' test is outweighed by the practical problems in meeting this requirement at the stage at which the pretrial detention hearing is held." S.R. at 18, U.S. Code Cong. & Admin.News 1984, at 21 (footnote omitted) (emphasis supplied).

Moreover, it is fair to say, I think, that the defendant will have been charged by indictment in the overwhelming majority of the cases which will be the subject of a pretrial detention hearing under the Act. The exceptions will be those few emergency situations where the United States Attorney must act in haste to prevent escape or other serious consequences resulting from the delay necessary to present a case to a grand jury. Congress certainly was aware of this, and if it was its intent automatically to create the second § 3142(e) presumption in all cases where a person was charged by indictment with one of the enumerated offenses, it plainly could have said so.

In summary, although the Act may be construed to permit reliance on the indictment as the basis for a probable cause finding under § 3142(e), the Act is at best ambiguous in that regard. Since the legislative history indicates the contrary to have been the intent of the drafters, we believe and hold that there must be an independent

factual basis for a such finding, albeit not constrained in that regard by the rules concerning admissibility of evidence in criminal cases.

There remains one additional procedural question. Section 3142(f) provides that "the facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."

The defendants contend that the "clear and convincing" standard applies to *both* of the subsection (e) presumptions. The government argues that the *second* presumption, at least, is triggered simply by a finding of probable cause to believe that the person committed one of the offenses enumerated in the last paragraph of (e).

A literal reading of the above-quoted language of (f) out of context with (e) would seem to favor the construction urged by the defendants. However, such a construction would nullify the "probable-cause" based presumption in (e). And, as is clear from excerpts of Senate Report 98–225 to which we have just referred, *supra,* the probable cause standard was considered to be an important element of the Act and was the considered and deliberate choice of the drafters.

In the second § 3142(e) presumption, a finding of the requisite probable cause gives rise to a rebuttable presumption of both "appearance" *and* "safety." If nothing is offered in rebuttal, then the defendant *must* be detained, since (e) provides that if " ... the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, he *shall* order the detention of the person prior to trial." (emphasis supplied).

■ It is a general rule of statutory construction that a statute must be read as a whole and that "each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretations to the one section to be construed." (footnotes citing numerous authorities omitted). Sutherland Stat. Const. § 46.05 (4th Ed.).

■ Subsections (e) and (f) are in conflict and will harmonize only if we read the clear and convincing evidence standard of (f) as not applying to the second presumption under (e). This appears to be a reasonable construction for at least one good reason. The judicial officer, if he utilizes the second presumption, is not required to make a specific *factual* finding, as such, as to "appearance" or "safety." Instead, once he makes the factual finding that there is probable cause to believe that the defendant has committed one of the enumerated offenses, then the rebuttable presumption supplies the factual "finding" that the defendant presents a risk of flight or of danger. And if the defendant then produces no information or evidence, as we have indicated previously herein, the judicial officer need make no additional finding and *must* detain the defendant prior to trial.

Accordingly, I conclude that the clear and convincing standard of (f) does not apply to the second presumption of (e). Since the government is not relying on the first presumption under § 3142(e), we make no ruling as to it.

Applying the foregoing to the two defendants who have sought revocation or modification of the magistrate's detention orders, I find as follows:

### *Defendant Allen*

■ After an independent review of the transcript of the hearing before Magistrate Sensenich of February 20 and 21, 1985, along with my assessment of the information adduced by the parties at the hearing before me on March 7, 1985, I find as to the defendant Allen that no condition or combination of conditions reasonably will assure his appearance as required or the safety of other persons or the safety of the community.

The written findings of fact made by Magistrate Sensenich in the Order of Detention Pending Trial which the defendant Allen seeks to have revoked or amended are based on the testimony of Drug Enforcement Agent Larry J. Carroll, Lt. Joseph R. Greco of the Donora, Pa. police department, James Brice, patrolman of the Donora, Pa. police department, and certain documents and photographs introduced through those witnesses.

I advised counsel at the hearing before me that the previous testimony would be reviewed by me. I have read the transcript of the testimony of those witnesses and examined the documents introduced at the hearing before Magistrate Sensenich. Based upon that, I adopt the findings of fact of Magistrate Sensenich and incorporate them herein by reference thereto.

In addition, at the hearing before me the government offered the testimony of Warren J. Ciabattoni, a trooper with the Pennsylvania State Police, and recalled defense witness Glenn E. Davis. Based on the foregoing, and drawing no references of fact from the return of the indictment as such, I conclude that there is probable cause to believe that defendant William Emanuel Allen has committed a violation of the Controlled Substances Act, to-wit, a violation of 21 U.S.C. § 841(a)(1) in that he did possess with the intent to distribute a quantity of cocaine, a Schedule II narcotic drug controlled substance for which offense a maximum term of imprisonment of ten years or more is prescribed.

I find that the defendant has not rebutted the presumption set forth in 18 U.S.C. § 3142(e). I find as to § 3142(g) that no conditions of release will reasonably assure his appearance or the safety of others or the community, because I find in addition to the § 3142(e) presumption:

(1) The defendant has ties and connections with individuals involved in the drug trade abroad, including Thailand, the Philipines, and Columbia.

(2) The defendant has a history of flight to avoid apprehension for motor vehicle violations such as driving while under suspension.

(3) Firearms were found in defendant's office desk. The defendant is a convicted felon and not permitted to possess weapons.

(4) The defendant is a physically strong person who has not hesitated in the past to use his size and strength as well as firearms to assault and threaten those who have offended him.

(5) The offenses with which the defendant stands charged carry severe penalties, including life imprisonment, which present a serious temptation to flee and/or to eliminate witnesses.

Accordingly, the defendant Allen's motion to revoke or amend the detention previously entered by Magistrate Sensenich will be denied and that order as supplemented by the aforesaid is incorporated herein by reference and will remain in full force.

### Defendant Sberna

As to defendant Sberna, after independently reviewing the transcripts of the hearing before Magistrate Sensenich and the information adduced by the parties at the hearing before me on March 7, 1985, I find that:

(1) The government has not demonstrated that there is probable cause to believe that the defendant committed one of the enumerated offenses set forth under the second presumption of (e), and

(2) After review of the factors set forth in § 3142(g), I find that there are imposable conditions or combinations thereof which reasonably will assure the defendant's appearance as required and the safety of any other person and the community.

The magistrate made two groups of "Alternative Findings." Two findings were made in the first group. Finding number 1 was: "There is probable cause based on the grand jury indictment to believe that the

defendant has committed an offense for which a maximum term of ten years or more is prescribed in 21 U.S.C., Section 841(a)(1) and 846."

The second finding was that "the defendant has not rebutted the presumption established by finding 1. . . ."

Since finding 1 is based solely on the grand jury indictment, that finding is rejected for the reasons previously stated herein. Finding number 2 is likewise rejected, since it does not arise in the absence of finding 1.

The magistrate's second group of "Alternative Findings" consisted of seven separately numbered findings. These are based on evidence adduced at the hearing, and I adopt them fully and incorporate them herein by reference thereto.

On the basis of the information and evidence adduced at the hearing before Magistrate Sensenich and that which I heard, I conclude that there is no probable cause to believe that defendant Sberna has committed a violation of the Controlled Substance Act, 21 U.S.C. § 841(a)(1). The government has presented no evidence which indicates that the defendant possessed with intent to distribute a quantity of any drug for which a maximum term of imprisonment of ten years or more is prescribed.

At the conclusion of the hearing before me, I ordered government counsel to specify in a brief the evidence or information, other than the indictment, which it believed was a sufficient basis for a finding of the requisite probable cause relative to Sberna. The brief subsequently submitted by the government is silent in that regard. Nothing is offered as sufficient in the absence of the indictment. The government attempts to demonstrate probable cause by arguing that defendant Sberna associated with the defendant Allen and was known to have personal and financial ties with him. However, there is no information or evidence before us of any *drug dealings* between the two defendants or that any drugs or drug paraphernalia were ever found on defendant Sberna's person or property. There also was no information

or evidence that the defendant Sberna had any ties or connections with other individuals involved in drug trafficking here or abroad. The government argues that although drugs were found in the defendant Allen's office and not on Sberna's person or property, the drugs and related scales and packaging material were found in the *vicinity* of a firearm *registered* to the defendant Sberna. That evidence and information would be insufficient even to justify the issuance of an arrest or search warrant as to Sberna, and, we believe, *a fortiari* is insufficient to justify the detention of him prior to trial. *See e.g. Gerstein v. Pugh, supra.*

█ Accordingly, I find no probable cause to believe that the defendant Sberna committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act, and find no other basis upon which to conclude under the Act that no condition or combination of conditions reasonably will assure his presence as required or the safety of others or the community.

An appropriate order will follow.

## ORDER OF COURT

AND NOW, this 12th day of March, 1985, in accordance with the memorandum opinion filed this day, IT IS ORDERED that defendant William Emanuel Allen's motion to revoke or amend order of detention be, and the same hereby is, denied; and,

IT IS FURTHER ORDERED that the pretrial detention order of defendant Anthony Sberna be, and the same hereby is, revoked and that the defendant Sberna be released subject to the following terms and conditions:

(1) That the defendant provide bail in the amount of $25,000 own recognizance; and,

(2) That the defendant not commit a Federal, State or local crime; and,

(3) That the defendant attempt to obtain lawful gainful employment; and,

(4) That the defendant not leave the jurisdiction and not appear at or frequent the area of 221 Fifth Street, Donora, Pa., otherwise known as Columbo Productions, Inc. and that he not associate with any known sellers or users of narcotics; and,

(5) That the defendant report to the United States Probation Office twice a week, on Monday and Friday, by local telephone call commencing Friday, March 15, 1985, and continuing until further order of court; and,

(6) That the defendant refrain from possessing any firearms, destructive devices, or other dangerous weapons; and,

(7) That the defendant refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without prescription by a licensed medical practitioner; and,

(8) Any failure by the defendant to conform to any of the conditions of bail will result in revocation of bail and an order for his pretrial detention.

IT IS FURTHER ORDERED that the defendant is advised that if he is convicted of an offense committed while released pursuant to this order, he shall be sentenced, in addition to the sentence prescribed for that offense to the following:

a) A term of imprisonment of not less than two (2) years and not more than ten (10) years if the offense is a felony; or,

b) A term of imprisonment of not less than ninety (90) days and not more than one (1) year of the offense is a misdemeanor.

A term of imprisonment imposed pursuant to the above provisions shall be consecutive to any other sentence of imprisonment.

IT IS FURTHER ORDERED that the defendant is advised that if the defendant violates any other conditions of his release, the defendant shall be subject to a revocation of his release, an order of detention, a prosecution for contempt of court, and the immediate issuance of a warrant for the defendant's arrest;

IT IS FURTHER ORDERED that the defendant be brought by the United States Marshal before Magistrate Ila Jeanne Sensenich on March 13, 1985, at 1:30 P.M., who will fully advise the defendant of the matters contained in 18 U.S.C. § 3142(h)(2)(C).