**In re PERFORMANCE COMMUNICATIONS, INC., Debtor.**

**PERFORMANCE COMMUNICATIONS, INC., Plaintiff,**

**v.**

**FIRST NATIONAL BANK, formerly First National Bank and Trust of Washington, Pa., Defendant.**

**Bankruptcy No. 90–3660–BM.**
**Adv. No. 90–0584–BM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

April 29, 1991.

Stanley A. Kirschenbaum, Wittlin Goldston & Caputo, P.C., Pittsburgh, Pa., for debtor, plaintiff.

Kevin R. Douglass, Buchanan Ingersoll, P.C., Pittsburgh, Pa., for defendant, First Nat. Bank.

Stanley E. Levine, Campbell & Levine, Pittsburgh, Pa.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Performance Communications, Inc. ("plaintiff") has brought this adversary action pursuant to 11 U.S.C. §§ 547(b) and 550(a)(1). Plaintiff seeks to avoid a preference and to recover from defendant First National Bank ("Bank") the sum of $127,-160.46, which plaintiff paid to Bank in satisfaction of a debt guaranteed by principals of debtor.

Bank has filed a Motion To Dismiss Pursuant To FED.R.CIV.P. 12(b)(6) and Bankruptcy Rule 7012. It maintains that, as a matter of law, plaintiff cannot recover from Bank because said payment is not an avoidable preference as to it for purposes of 11 U.S.C. § 547(b).

Although plaintiff acknowledges that said payment does not constitute a preference as to Bank, it nonetheless opposes the motion to dismiss. According to plaintiff, one may recover such payments to a non-insider creditor made within one (1) year of the filing of the petition for relief where the creditor made a loan which was guaranteed by corporate insiders. Plaintiff argues that if the payment can be avoided against the insiders (guarantor) pursuant to § 547, then by using the literal language of § 550, it can be followed and collected from the immediate or mediate transferee.

Bank's motion will be granted for the reasons set forth below.

### –I–
### ALLEGATIONS OF COMPLAINT

FED.R.CIV.P. 12(b)(6) applies to bankruptcy adversary proceedings. *See* BANKRUPTCY RULE 7012.

The court must, when considering a Rule 12(b)(6) motion to dismiss, take all of the allegations of the complaint as true, construe it in a light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, plaintiff might be entitled to relief. *Rogin v. Bensalem Township*, 616 F.2d 680, 685 (3rd Cir.1980), *cert. denied*, 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981). The motion may be granted only if it is manifestly obvious that plaintiff cannot prove any set of facts which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

The salient allegations of the complaint, all of which are presumptively true for purposes of the present motion, are as follow.

Plaintiff borrowed money from Bank to purchase business equipment and furnishings and to improve its leasehold premises. Certain of plaintiff's principal shareholders and officers personally guaranteed repayment of the loan.

On December 31, 1989, plaintiff entered into an agreement with Pittsburgh Cellular One Telephone Company, whereby plaintiff agreed to cease operations in return for the payment to it of $127,160.46 by Cellular One. Plaintiff then immediately utilized these funds to satisfy its loan from Bank. In so doing, plaintiff also satisfied personal guarantees of its principals.

Plaintiff maintains that satisfaction of the personal guarantees constitutes a preference *as to the insider principals* and that it is entitled to recover *from Bank* the payment of $127,160.46 to Bank.

An involuntary petition was filed under Chapter 7 of the Bankruptcy Code on November 19, 1990. Plaintiff consented to entry of an order for relief on March 13, 1991.

H. Ward Olander, doing business as Real Estate Enterprises, brought the present adversary on December 27, 1990, pursuant to leave granted by Order of Court, on behalf of debtor's bankruptcy estate.

### –II–
### ANALYSIS

Paragraph 10 of plaintiff's complaint specifically alleges that:

... satisfaction of personally guaranteed obligations of the principal shareholders and officers of the Debtor to the defendant constituted a preference *in favor of insiders of the Debtor* to the detriment of the Debtor's other business creditors. The assets subject to such a preference

can, therefore, be disgorged (emphasis added).

Plaintiff concedes that said transfer was a preference, pursuant to 11 U.S.C. § 547(b)[1], *only* as to insiders of plaintiff and *not* as to Bank. It insists that it nonetheless may recover that preference from Bank, pursuant to 11 U.S.C. § 550(a)(1)[2], as the "initial transferee" of the transfer. According to plaintiff, it is not a cognizable defense that the transfer in question was not a preference as to Bank.

■ The issue presented is whether one may recover a transfer from an initial transferee pursuant to 11 U.S.C. § 550(a)(1) where said transfer is a preference pursuant to 11 U.S.C. § 547(b) only as to an insider of the debtor and not as to the initial transferee.

The United States Court of Appeals for the Third Circuit has not ruled on this matter. Those courts that have ruled are in disagreement.

A majority of courts have held that recovery may not be had from the non-insider creditor under such circumstances.[3] Three courts of appeals, however, have held that recovery may be had from the non-insider initial transferee.[4]

Plaintiff relies primarily upon the reasoning of the court in *Deprizio*. The analysis utilized in *Deprizio* is described therein as follows:

> The textual argument ... is simple. Section 547(b) defines which transfers are "avoidable". No one doubts that a transfer to Lender produces a "benefit" for Guarantor. After § 547 defines which transfers may be avoided, § 550(a) identifies who is responsible for payment: "the initial transferee of such transfer *or* the entity for whose benefit such transfer was made" (emphasis added). This gives the trustee the option to collect from Lender, Guarantor, or both, subject only to the proviso in § 550(c) that there can be but one satisfaction.

*Deprizio*, 874 F.2d at 1194.

According to this analysis, 11 U.S.C. § 547(b) defines which transfers may be avoided while 11 U.S.C. § 550(a) identifies from whom recovery may be had when a transfer is thus avoided. The plain, unambiguous language of section 547(b) provides that *any* transfer meeting the condi-

---

1.  11 U.S.C. § 547(b) provides that:
    Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made—
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if—
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

2.  11 U.S.C. § 550(a) provides in pertinent part as follows:
    Except as otherwise provided in this section, to the extent that a transfer is avoided under section ... 547 ... of this title, the trustee

may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from—
    (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
    (2) any immediate or mediate transferee of such initial transferee.

3.  *See, e.g., Matter of Midwestern Companies, Inc.,* 96 B.R. 224 (Bankr.W.D.Mo.1988); *In re T.B. Westex Foods, Inc.,* 96 B.R. 77 (Bankr.W.D. Tex.1989); *In re Aerco Metals, Inc.,* 60 B.R. 77 (Bankr.N.D.Tex.1985); *In re Mercon Industries, Inc.,* 37 B.R. 549 (Bankr.E.D.Pa.1984); *In re R.A. Beck Builders, Inc.,* 34 B.R. 888 (Bankr.W.D.Pa. 1983); *In re Cove Patio, Inc.,* 19 B.R. 843 (Bankr.S.D.Fla.1982); *In re Church Buildings and Interiors, Inc.,* 14 B.R. 128 (Bankr.W.D. Okla.1981); and *In re Duccilli Formal Wear, Inc.,* 8 BCD 1180 (Bankr.S.D.Ohio 1982).

4.  *See, Ray v. City Bank & Trust Co. (C–L Cartage Co., Inc.,* 899 F.2d 1490 (6th Cir.1990); *Manufacturers Hanover Leasing v. Lowery (In re Robinson Bros. Drilling, Inc.,* 892 F.2d 850 (10th Cir.1989); *Levit v. Ingersoll Rand Corp. (In re Deprizio Construction Co., Inc.,* 874 F.2d 1186 (7th Cir.1989) ("Deprizio").

tions therein specified may be avoided as a preference. The plain, unambiguous language of section 550(a)(1) provides that one seeking to recover a transfer which has been avoided pursuant to section 547(b) has the option of recovering from either the initial transferee or the entity for whose benefit the avoided transfer was made, or both. The language of sections 547(b) and 550(a)(1) does not limit recovery to an initial transferee for whom the transfer was a preference. To the contrary, it allows recovery from an initial transferee even though the transfer was not a preference as to it.

The analysis set forth in *Deprizio* is fatally flawed in several respects.

■■ In all cases involving statutory construction, the starting point obviously must be the language of the statute itself. If the language is clear, it is not necessary to consider legislative history. *Harris v. Harris*, 749 F.2d 1009, 1013 (3rd Cir.1984). However, mere incantation of the plain meaning rule is not an acceptable substitute for meaningful analysis of a statute. *Shippers National Freight Claim Council, Inc. v. I.C.C.*, 712 F.2d 740, 747 (2nd Cir.1983).

*Deprizio* relies upon the so-called plain meaning of various sections of the Bankruptcy Code. However, it construes these provisions in a purely formal manner befitting mathematics and fails to engage in any meaningful analysis thereof. Statutory construction is a different enterprise altogether from mathematics. A complex statute such as the Code is not amenable to analysis which concentrates on its purely formal structure to the exclusion of other considerations.

The plain meaning rule, upon which *Deprizio* so heavily relies, is but one of several canons of statutory construction. It also is a canon of statutory construction that:

... each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretations to the one section to be construed.

*U.S. v. Allen*, 605 F.Supp. 864, 871 (W.D. Pa.1985) (citations omitted).

The analysis in *Deprizio* also is methodologically unsound in that it construes 11 U.S.C. §§ 547(b) and 550(a)(1), respectively, in isolation. The court construes section 547(b), without regard for its relationship to other parts of the Code, and arrives at the conclusion that *any* transfer may be avoided, provided that the conditions therein prescribed are met. After it arrives at this result, the court then construes section 550(a)(1), without regard for its relationship to other parts of the Code, and arrives at the conclusion that recovery of an avoided transfer may be had from the initial transferee even if said transfer was not a preference as to it. Little or no consideration is given to the relationship of these sections to other parts of the Code or to the effect the interpretation arrived at may have on them.

■■ A court must when construing a statute give effect, if possible, to every word used. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2332, 60 L.Ed.2d 931 (1979). A statute should not be interpreted, if possible, so as to render one part of it inoperative. *U.S. v. Menasche*, 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–20, 99 L.Ed. 615 (1955).

The most serious problem with the analysis in *Deprizio* is that, if followed to its logical conclusion, it renders other critical parts of the Code a nullity. Specifically, an initial transferee would not be able to raise the "payment in the ordinary course of business" defense at § 547(c)(2) or the "subsequent value" defense at § 547(c)(4). *Matter of Midwestern Companies, Inc.*, 96 B.R. at 227. If recovery may be had from the initial transferee where said transfer was a preference, without regard for whether it was a preference as to the initial transferee, it would make no difference that the transfer to the initial transferee was in the ordinary course of business or that the initial transferee gave new value. Such defenses would have no application so long as the transfer to it constitutes a preference as to the entity for whose benefit it was made.

Any interpretation which renders such an important part of the Code a nullity must be rejected as unsound. Moreover, such a result is manifestly contrary to the express language of section 547(b), which begins with the phrase: "Except as provided in subsection (c) of this section ...". The analysis in *Deprizio*, while professing to rely on the plain, unambiguous language of the Code, unwittingly ignores the plain, unambiguous language of this phrase.

Literal interpretation of sections 547(b) and 550(a)(1), such as is advocated by plaintiff, would be inequitable. Had Bank in this case not demanded a guarantor, recovery from Bank undoubtedly would not be possible. It would be grossly inequitable to penalize Bank for its prudence in seeking a guarantor in this case. *In re R.A. Beck Builders, Inc.*, 34 B.R. at 894.

■ 11 U.S.C. § 105(a) gives the bankruptcy court general equitable powers, but only to the extent that such powers are applied in a manner that is consistent with the Code. *In re Morristown & Erie R.R. Co.*, 885 F.2d 98, 100 (3rd Cir.1989) (citations omitted). Its equitable powers must and can be exercised only within the confines of the Code.[5] *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 108 S.Ct. 963, 968–69, 99 L.Ed.2d 169 (1988).

■ Reliance upon equity in this instance is consistent with the Code and within its confines in that it will avoid the above fatal flaws in the *Deprizio* analysis. Accordingly, it follows that it is a cognizable defense to the action against Bank in this case that plaintiff cannot recover from Bank as initial transferee unless the transfer in question was a preference as to it.

Plaintiff has acknowledged that the transfer which it seeks to avoid is not a preference as to Bank. Consequently, plaintiff will not be able to recover from Bank under any set of facts it may be able to prove. Bank's motion to dismiss for

failure to state a claim therefore must be granted.

---

5. We are mindful of Professor George M. Treister's humorous but accurate admonition which teaches that when a litigant begins a sentence indicating that "bankruptcy court is a court of equity", generally the balance of the sentence is wrong.