**H & C PARTNERSHIP, Appellant,**

v.

**VIRGINIA SERVICE MERCHANDISERS, INC., Appellee.**

**Civ. A. No. 93–0848–R.**

United States District Court, W.D. Virginia, Roanoke Division.

Jan. 13, 1994.

Western District of Virginia. The bankruptcy court concluded that a transfer for an antecedent debt made to a non-inside creditor may be avoided under the extended one year preference period provided by 11 U.S.C. § 547 if the debt is secured by an inside guarantor. This court granted this interlocutory appeal and has jurisdiction pursuant to 28 U.S.C. § 158. This court finds that the clear language of the pertinent statutes permits avoidance of such a transfer. Accordingly, the court affirms.

## I.

The pertinent facts are undisputed. Virginia Service filed a complaint pursuant to 11 U.S.C. § 547(b) and § 550, seeking to avoid transfers made to H & C. The transfers at issue were made more than ninety days, but less than one year, prior to the filing of an involuntary Chapter 7 proceeding against Virginia Service.[1] The transfers were made pursuant to a lease agreement guaranteed by Edward J. Will, President of Virginia Service. Although H & C is not an insider under the bankruptcy code, Will is. H & C moved to dismiss for failure to state a claim upon which relief can be granted. The Bankruptcy Court denied H & C's motion to dismiss. In doing so, the court adopted the holding in *Levit v. Ingersoll Rand Financial Corp. (In re Deprizio)*, 874 F.2d 1186 (7th Cir.1989), and concluded that a trustee in bankruptcy may avoid a transfer made to a non-inside creditor under the extended one year preference period of § 547 if the debt is secured by an inside guarantor.

## II.

■■ "It is axiomatic that '[the] starting point in every case involving construction of a statute is the language itself.'" *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756, 95 S.Ct. 1917, 1935, 44 L.Ed.2d 539 (1975) (Powell, J., concurring)). The applicable code sections provide as follows:

> [T]the trustee may avoid any transfer of an interest of the debtor in property—

Paul Markham Black, Wetherington & Melchionna, Roanoke, VA, for appellant.

Evelyn Kornegay Krippendorf, Krippendorf & Associates, Archibald Carter Magee, Jr., Magee, Foster, Goldstein & Sayers, Roanoke, VA, for appellee.

## MEMORANDUM OPINION

WILSON, District Judge.

Debtor, Virginia Service Merchandisers, Inc. ("Virginia Service") brought an action to avoid transfers made to the creditor, H & C Partnership, ("H & C"). H & C's motion to dismiss the complaint was denied by the United States Bankruptcy Court for the

---

**1.** This proceeding was later converted to a voluntary Chapter 11 proceeding.

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition; if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(a) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). In determining from whom the trustee may recover an avoided transfer under § 547, § 550(a) provides:

[T]he trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit transfer was made; or

(2) any immediate transferee of such initial transferee.

11 U.S.C. § 550(a).

In *Levit v. Ingersoll Rand Financial Corp. (In re Deprizio)*, 874 F.2d 1186 (7th Cir. 1989), the Seventh Circuit examined the code sections at issue to determine which payments to creditors were subject to the year-long preference recovery period. The *Deprizio* court concluded that a payment to a creditor, guaranteed by an insider, produces a benefit for the inside guarantor. Since, according to the court, an inside guarantor is by statutory definition also a creditor, such a transfer can be avoided under § 547(b). The

court then concluded that § 550 "gives the trustee the option to collect from Lender, Guarantor, or both, subject only to the proviso in § 550(c) that there can be but one satisfaction." *Deprizio*, 874 F.2d at 1194. In following the Seventh Circuit, the Sixth Circuit underscored *Deprizio*'s statutory underpinnings:

A literal reading of section 550(a)(1), together with sections 547(b)(1) and (b)(4)(B), permits recovery from an outsider transferee for transfers made during the extended preference period when the beneficiary of the transfers is an insider creditor or an insider guarantor. This result flows directly from an application of the unambiguous statutory language. A creditor or guarantor of the bankrupt is a creditor within the meaning of section 547(b) because he holds a claim or contingent claim against the debtor under sections [101(10)] and [101(5)(A)], [defining creditor and claim]. A bankrupt debtor's payments to a lender "benefit" the insider creditor within the meaning of section 547(b)(1) by discharging his existing or potential liability to the lender. Transfers which benefit insider creditors are subject to an extended preference period of one year under section 547(b)(4)(B). Finally, section 550(a)(1) allows the recovery of these transfers from the initial transferee and section 550, unlike section 547, makes no distinction on its face between insiders and outsiders.

*Ray v. City Bank & Trust Co. (In re C–L Cartage Co.)*, 899 F.2d 1490, 1494 (6th Cir. 1990).

■ The *Deprizio* rule of the Seventh Circuit has now been adopted by all circuits that have addressed the issue,[2] although many bankruptcy and district courts have disagreed. *Compare Official Unsecured Creditors Comm. of Suffola, Inc. v. United States Nat'l Bank of Oregon (In re Suffola, Inc.)*, 2 F.3d 977 (9th Cir.1993); *Southmark Corp. v. Southmark Personal Storage (In re Southmark Corp.)*, 993 F.2d 117 (5th Cir.1993); *Ray v. City Bank & Trust Co. (In re C–L Cartage Co.)*, 899 F.2d 1490 (6th Cir.1990); *Manufacturers Hanover Leasing Corp. v.*

---

**2.** The Court of Appeals for this circuit has not yet addressed the *Deprizio* rule. *See Harman v. First American Bank of Maryland (In re Jeffrey Bigelow*

*Design Group, Inc.)*, 956 F.2d 479, 483 n. 2 (4th Cir.1992) (declining to comment on the viability of the Deprizio rule).

**530**

*Lowrey (In re Robinson Bros. Drilling Inc.),* 892 F.2d 850 (10th Cir.1989), *aff'g Lowrey v. First National Bank of Bethany (In re Robinson Bros. Drilling, Inc.),* 97 B.R. 77 (W.D.Okla.1988) *with Official Creditors' Comm. of Arundel Hous. Components, Inc. v. Georgia–Pacific Corp. (In re Arundel Hous. Components, Inc.),* 126 B.R. 216 (Bankr.D.Md.1991); *Weiskopf v. New York Job Dev. Auth. (In re J.T.L. Supermarket Corp.),* 145 B.R. 3 (Bankr.N.D.N.Y.1992); *Performance Communications, Inc. v. First Nat'l Bank (In re Performance Communications, Inc.),* 126 B.R. 473 (Bankr.W.D.Pa. 1991). This court follows *Deprizio* because of its fidelity to the clear language of §§ 547 and 550.[3] Although this result may create some inequity because "a party innocent of wrongdoing" could be obligated to the trustee, 4 *Collier on Bankruptcy,* ¶ 550.02 at 550–12, this court may neither ignore the plain language of the statute nor rely on equitable principles at odds with that statutory language. *See Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."); *In re C–L Cartage,* 899 F.2d at 1494 ("Bankruptcy courts, however, cannot use equitable principles to disregard unambiguous statutory language."); *Official Committee of Equity Secur. Holders v. Mabey,* 832 F.2d 299 (4th Cir.1987). Accordingly, the bankruptcy court was correct in following *Deprizio.*[4]

### III.

Based on the foregoing, the court concludes that a transfer for an antecedent debt made to a non-inside creditor may be avoided under the extended one year preference period if the debt is secured by an inside guarantor. The decision of the bankruptcy court will be affirmed.

### FINAL ORDER

In accordance with the Court's Memorandum Opinion entered on this date, it is **ORDERED** and **ADJUDGED** that the decision of the Bankruptcy Court be and the same, hereby, is **AFFIRMED**, and the appeal is **ORDERED** stricken from the docket of the court.

---

3. H & C argues that the *Deprizio* analysis is flawed because it examines the statutes in a vacuum and, in doing so, uses § 550 to expand the scope of creditor liability provided for in § 547. The court disagrees. Section 547 only addresses which transfers are avoidable, not creditor liability. Section 550, therefore, does not expand creditor liability since it is, in fact, the statute that defines it. This court is obliged to follow the plain meaning of the statute. It is for Congress, and not the courts, to change the law. *See Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), *overruled on other grounds, Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990).

4. H & C also argues that the *Deprizio* rule ignores the difference between "avoidability" of § 547 and "recoverability" of § 550. However, as made clear in *Deprizio* and its progeny, " 'avoidability is an attribute of the transfer rather than of the creditor.' " *Suffola,* 2 F.3d at 982 (quoting *Deprizio,* 874 F.2d at 1195.) Since "it is the transfer, not the [creditor], that is avoided," the creditor's only relief from liability or "recoverability" is governed by § 550(a). *Suffola,* 2 F.3d at 982 (footnote omitted). Contrary to H & C's assertions, avoidability and recoverability are distinguished by the application of the *Deprizio* rule. Avoidability of the *transfer* is governed by § 547. Section 550, then, answers the question of from whom the trustee may recover.