**In re HOFFMAN ASSOCIATES, INC., d/b/a Hoffman Drywall, Inc. and Hoffman Associates, Inc., Debtor.**

**W. Ryan HOVIS, Plaintiff,**

v.

**POWERS CONSTRUCTION COMPANY, INC., Wilbur O. Powers, and South Carolina National Bank, Defendants.**

Bankruptcy No. 90–2419.
Adv. No. 91–8293.

United States Bankruptcy Court,
D. South Carolina,
Columbia Division.

Jan. 3, 1995.

Garland S. Cassada, Charlotte, NC, for W. Ryan Hovis.

Michael S. Church, Columbia, SC, for Powers Const. Co., Inc., and Wilbur O. Powers.

Stanley H. McGuffin, Columbia, SC, for South Carolina Nat. Bank.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

This matter is before the Court on the Motion for Summary Judgment filed by the defendant South Carolina National Bank ("SCNB") on September 3, 1992.

The claim against SCNB on which SCNB moves for summary judgment is a § 547 preference claim made by the trustee under the Rule of *Levit v. Ingersoll Rand Financial Corp. (In re Deprizio),* 874 F.2d 1186 (7th Cir.1989). SCNB's motion is based on two grounds: (1) SCNB's assertion that an entity other than the debtor was the transferor of payments SCNB received, and (2) SCNB's assertion that the Rule of *Deprizio* should not govern this action.

The parties have now agreed that $23,-918.89 in transfers were made by the debtor to SCNB during the year preceding the filing of the bankruptcy petition, and it is undisputed that under the Rule of *Deprizio* such amount would be recoverable by the trustee. Therefore, the only issue with respect to SCNB's motion is whether the Court will follow the Rule of *Deprizio* and allow the trustee to avoid these transfers and recover $23,918.89 from SCNB. For the reasons which follow, the Court will follow the Rule of *Deprizio,* subject to the right of SCNB to show that application of the rule in this case would be inequitable. Because SCNB has not brought forward sufficient evidence to do so, SCNB's motion is DENIED.

■ Code § 547(b)(1) provides for avoidance of a payment "to or for the benefit of a creditor." A transfer may therefore be a preference whether it is (1) to the creditor, or (2) to another party for the benefit of the creditor. The extended one-year preference period applies, under Code § 547(b)(4), "if such creditor at the time of such transfer was

an insider." The phrase "such creditor" refers directly back to subsection (b)(1), "to or for the benefit of a creditor." The plain and clear language of the statute therefore provides that a transfer up to one year before the petition to *or for the benefit of* a creditor is a preference when the creditor is an insider.

Code § 550 completes the statutory scheme as articulated by *Deprizio,* providing for recovery of avoided transfers from either the "initial transferee" *or* the entity for whose benefit the transfer was made. The *Deprizio* theory therefore gives effect to all of the provisions of the statutes. The Fourth Circuit has commended this approach, explaining that "[i]n construing a statute we are obliged to give effect, if possible, to every word Congress used." *Brown and Co. Securities Corp. v. Balbus (In re Balbus),* 933 F.2d 246, 251 (4th Cir.1991) (quoting *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979)).

In urging the Court to reject this straightforward reading of the Code, SCNB makes reference to the Bankruptcy Reform Act, which rejects the Rule of *Deprizio,* but concedes that the new statute has only prospective application and does not apply to this case. The Court notes that congressional enactment of the Bankruptcy Reform Act did *not* indicate that the Rule of *Deprizio* was not then the law, applicable to cases such as this one which were already pending. Moreover, prior to the passage of this act, the *Deprizio* rule was recently adopted by a Federal District Court within the Fourth Circuit. *H & C Partnership v. Virginia Serv. Merchandisers,* 164 B.R. 527 (W.D.Va.1994). In fact, "[t]he *Deprizio* rule of the Seventh Circuit has now been adopted by all circuits that have addressed the issue." *Id.,* 164 B.R. at 529.

SCNB also relies upon *Official Creditors' Comm. of Arundel Housing Components, Inc. v. Georgia–Pacific Corp. (In re Arundel Housing Components, Inc.),* 126 B.R. 216 (Bankr.D.Md.1991), the primary lower-court decision within the circuit to reject *Deprizio.* In *Leake v. First American Bank of Virginia (In re Dovetailed Enters.),* 136 B.R. 652, 653 (Bankr.W.D.Va.1991), another lower-court decision within the Fourth Circuit, the court distinguished and limited the holding of *Arundel* as follows:

> The inference which can be made from the *Arundel* decision is that the bankruptcy court did not feel that it would be equitable to apply the *Deprizio* doctrine in a case *where the only reason for the application of the doctrine is the existence of a guarantee of an insider.*

*Id.* at 653 (emphasis added). The *Leake* court recognized that in some circumstances it might be inequitable to permit the trustee to recover from an "insider" under the *Deprizio* reading of the Code, but determined that no such equitable considerations prohibited the recovery in that case.

■ The Court is inclined to follow the *H & C Partnership* and *Leake* cases. The Court will follow *Deprizio*'s literal reading of the Code, and allow recovery by the trustee from the initial transferee of a transfer for the benefit of an insider guarantor. The transferee may avoid such recovery by the trustee if the transferee can show that such recovery would be inequitable in the circumstances of a specific case.

■ In this case, SCNB has brought forward no evidence to satisfy its burden of showing that it would be inequitable to allow the trustee to recover the amounts paid it on the guaranteed loan. The facts here, as alleged by the Trustee and as previously established by findings made by this Court in its July 30, 1991 judgment denying Powers Construction's Motion for Relief from Stay, show the following: An insider, Wilbur Powers, took control of the Debtor and operated it for the purpose of improving his position as a creditor and that of his wholly-owned company, Powers Construction; he caused any excess funds in the hands of the Debtor to be transferred to his wholly-owned company immediately or to be transferred to SCNB to pay the debt he had guaranteed; at the time SCNB received the preferential payments, the Debtor was insolvent, and if Powers had not been funnelling funds to SCNB to reduce his own liability then SCNB would have had to rely on its guaranty for payment of the debt. The Trustee here has asked the Court

to avoid the transfers to SCNB and require SCNB to recover from its guarantor, Wilbur Powers, not from the other creditors of the Debtor who were denied their fair share of the Debtor's assets by the actions of the insider. SCNB has not met its burden to bring forward evidence to establish that requiring it to do so under these circumstances would be inequitable.

For the foregoing reasons, SCNB's Motion for Summary Judgment is DENIED.