In re ARUNDEL HOUSING COMPONENTS, INC., Debtor.

The OFFICIAL CREDITORS' COMMITTEE OF ARUNDEL HOUSING COMPONENTS, INC., Plaintiff,

v.

GEORGIA–PACIFIC CORPORATION, Defendant.

Bankruptcy No. 88–5–3606–JS.
Adv. No. A90–0082–JS.

United States Bankruptcy Court,
D. Maryland.

March 28, 1991.

Richard L. Wasserman, Rochelle B. Fowler, Venable, Baetjer and Howard, Baltimore, Md., for defendant.

Mark J. Friedman, Kerry L. Weil, Piper & Marbury, Baltimore, Md., for plaintiff.

## MEMORANDUM OPINION GRANTING MOTION TO DISMISS

JAMES F. SCHNEIDER, Bankruptcy Judge.

### FINDINGS OF FACT

1. The instant complaint was filed on February 6, 1990 by the Official Committee of Unsecured Creditors of Arundel Housing Components, Inc., a Chapter 11 debtor, against Georgia–Pacific Corporation to avoid and recover alleged preferential transfers.

2. The debtor filed its Chapter 11 petition in this Court on December 9, 1988.

3. The Creditors' Committee was authorized by this Court to prosecute preference actions on behalf of the debtor. Subsequent to the filing of this complaint, the case was converted to Chapter 7 and a trustee was appointed who has authorized the complaint to proceed. Order [P. 232] dated December 11, 1990.

4. The complaint seeks the recovery of preferential payments in excess of $200,000 which the debtor paid to the defendant "during the year preceding bankruptcy." Complaint, paragraph 9.

5. The complaint alleges that the debtor's indebtedness to Georgia–Pacific was unconditionally guaranteed by George M. French, Sr., identified as the debtor's president, 100% stockholder and director and therefore an insider of the debtor. The guarantee was not appended as an exhibit to the complaint.

6. The defendant filed a motion to dismiss [P. 6] on the dual grounds that (1) the transfers made to the defendant were not for the benefit of an insider of the debtor and (2) transfers made more than 90 days but within one year before the filing of bankruptcy are not recoverable from a creditor who is not an insider. In support of its first ground, the defendant produced a corporate guarantee dated April 27, 1984 executed by Mr. French on behalf of Arundel Stairs, Inc., a separate entity later absorbed by the debtor. As for the second ground, the defendant pointed out that the complaint does not specifically allege that any transfers occurred within 90 days before the bankruptcy petition was filed, and that because the defendant is a non-insider, the complaint is defective.

7. The Committee's response to the motion relied on the case of *Levit v. Ingersoll Rand Financial Corp., (In re V.N. Deprizio Const. Co.),* 874 F.2d 1186 (7th Cir. 1989), for the premise that "where a non-insider receives a payment or transfer at any time within one year prior to bankruptcy, on an obligation which has been guaran-

teed by a corporate executive or other insider, the transferee is vulnerable to a suit for recovery of the amount received." Levit, "Preference Pitfalls—Real and Imagined," *B.N.A.'s Bankruptcy Law Reporter,* Vol. 2, No. 34 (August 30, 1990). The Committee argued that the *Deprizio* holding represents a clear trend among appellate courts. Additionally, the Committee defended the complaint by stating that the allegation that preferences had occurred within one year prior to bankruptcy included the 90–day preference period and that therefore the complaint had sufficiently stated a cause of action. Finally, the Committee appended a personal guarantee dated April 21, 1986 and signed by Mr. French (a different one from that which the defendant submitted with its motion to dismiss).

CONCLUSIONS OF LAW

1. The instant complaint is based upon Bankruptcy Code Section 550(a):

§ 550. Liability of transferee of avoided transfer.

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under Section 544, 545, 547, 548, 549, 553(b) or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a) (1988).

2. In *Deprizio, supra,* the Seventh Circuit interpreted Section 550(a)(1) to justify holding non-insider creditors who held insider guarantees accountable for payments made by a debtor within one year of filing bankruptcy. *Accord, In re Robinson Bros. Drilling, Inc.,* 97 B.R. 77 (W.D. Okla.1988), *aff'd,* 892 F.2d 850 (10th Cir. 1989); *In re C–L Cartage Co., Inc.,* 899 F.2d 1490 (6th Cir.1990).

3. The recovery of preferential payments by a bankruptcy trustee or a debtor is governed by Bankruptcy Code Section 547(b):

§ 547. Preferences

. . . . .

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (1988).

4. George M. French, Sr., the guarantor of the debtor's obligation to Georgia–Pacific, was an insider of the debtor, according to the definition of "insider" found in Bankruptcy Code Section 101(30):

(30) "insider" includes—

. . . . .

(B) if the debtor is a corporation—

(i) director of the debtor;

(ii) officer of the debtor;

(iii) person in control of the debtor

. . .

11 U.S.C. § 101(30) (1988).

5. However, the *Deprizio* decision represents a minority view, most courts having ruled the other way. Among the many decisions *contra* to *Deprizio* are *In the Matter of the Midwestern Companies, Inc.,* 102 B.R. 169 (W.D.Mo.1989); *In re*

*Aerco Metals, Inc.,* 60 B.R. 77 (Bankr.N.D. Tex.1985); *In re Mercon Industries, Inc.,* 37 B.R. 549 (Bankr.E.D.Pa.1984); *In the Matter of R.A. Beck Builder, Inc.,* 34 B.R. 888 (Bankr.W.D.Pa.1983); and *In re Cove Patio Corp.,* 19 B.R. 843 (Bankr.S.D.Fla. 1982).

6. In *In re Cove, supra,* Judge Thomas C. Britton made the following incisive statement:

... Section 550(a)(1) was not intended to expand the trustee's right to recover preferences as provided in § 547, but was intended only to facilitate his recovery of transfers avoidable under § 547, regardless of whether the transfer was effected through a number of parties or effected indirectly for the benefit of the party who actually benefited from the preference ...

19 B.R. at 844.

7. A leading bankruptcy commentator has expressed the majority view:

... In some circumstances, a literal application of section 550(a) would permit the trustee to recover from a party who is innocent of wrongdoing and deserves protection. In such circumstances the bankruptcy court should use its equitable powers to prevent an inequitable result. For example, ... if a transfer is made to a creditor who is not an insider more than 90 days but within one year before bankruptcy and the effect is to prefer an insider-guarantor, recovery should be restricted to the guarantor and the creditor should be protected. Otherwise, a creditor who does not demand a guarantee can be better off than one who does. [Citations omitted.]

4 *Collier on Bankruptcy* ¶ 550.02, at 550–8 (15th ed.1990), quoted in Katzen, *"Deprizio* and Bankruptcy Code Section 550: Extended Preference Exposure Via Insider Guarantees, and Other Perils of Initial Transferee Liability," *The Business Lawyer,* Vol. 45:511 (February, 1990).

8. This Court strongly disapproves of the *Deprizio* decision because it represents an incorrect interpretation of the law whose application would subvert justice, produce much needless mischief and create an unfortunate result in the instant case.

The Fourth Circuit has not adopted the *Deprizio* view and it should not do so .

9. Georgia–Pacific is not an insider of the debtor. The committee has not alleged in the complaint that Georgia–Pacific committed any act of wrongdoing to justify the punitive relief sought against it. The only basis for recovering a preference from Georgia–Pacific is the fact that it obtained a personal guarantee from an insider of the debtor on an obligation which the debtor undertook. In the absence of this guarantee, whose legal validity is in doubt, the defendant would have no liability for the alleged preference.

10. The Court assumes that the guarantee was a valid, personal guarantee for purposes of deciding this motion to dismiss because it must consider all facts and inferences to be drawn from the pleadings in a light most favorable to the non-movant.

11. The complaint will be dismissed pursuant to Federal Rule 12(b)(6) for failing to state a cause of action for which relief can be granted. The complaint also omits a specific allegation that the defendant, as a non-insider, received any preferential payment within the 90–day period.

12. In a different complaint brought by the Creditors' Committee to recover alleged preferential payments [Adversary No. A90–0085), it was successfully argued by the defendant Johnson & Wimsatt, Inc. that this Court lacked subject matter jurisdiction to entertain the complaint. Counsel contended that the cause of action no longer concerned property of the estate by reason of its having been assigned by the debtor-in-possession to Maryland National Bank pursuant to cash collateral orders entered by this Court. This Court agreed, relying upon its decision in the case of *In re Incor,* 100 B.R. 790 (Bankr.D.Md.1989). While a court may always question its own jurisdiction in a given case, that issue was not raised in this complaint and will not be decided, the complaint having been dismissed on its merits.

ORDER ACCORDINGLY.