**In re Clarine ISHAQ, Debtor.**

**Eric R.T. ROOST, Trustee, Plaintiff,**

v.

**U.S. NATIONAL BANK OF OREGON, Defendant.**

**Bankruptcy No. 690–61197.**
**Adv. No. 690–6332–H.**

United States Bankruptcy Court,
D. Oregon.

June 18, 1991.

Eric R.T. Roost, Eugene, Or., for trustee.

Wendell G. Kusnerus, Portland, Or., for creditor.

### MEMORANDUM OPINION

POLLY S. HIGDON, Bankruptcy Judge.

This matter is before the court on U.S. National Bank of Oregon's motion for partial summary judgment. It is ripe for decision on the motion. In this adversary proceeding the trustee seeks to recover a preferential transfer under 11 U.S.C. § 547 [1] by

---

**1.** All statutory references are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.,* unless otherwise indicated.

invoking the *Deprizio* doctrine (*Levit v. Ingersoll Rand Financial Corp. (In re V.N. Deprizio Const. Co.)*, 874 F.2d 1186 (7th Cir.1989), hereafter *"Deprizio"*). The parties stipulate that the debtor paid the bank $8.62 within the 90 days preceding bankruptcy. The bank concedes this amount is preferential. The parties also stipulate the debtor paid the bank $1,473.21 on an undersecured loan co-signed by the debtor's husband, an insider, within one year of filing bankruptcy, and that he "is a true co-obligor and is not an accommodation maker, guarantor or other surety with respect to the Bank's claim." The trustee relies on *Deprizio* to extend the preference period to allow recovery of these payments from the bank. The bank does not dispute the payments of $1,473.21 are partially preferential, but claims as an affirmative defense that as a co-maker, rather than a true guarantor or accommodation maker, the insider was only benefitted by one-half the payments. Therefore, the bank is obligated to return only one-half the $1,473.21.

The *Deprizio* doctrine has been adopted by two other circuits as well as two bankruptcy courts in Oregon. *See In re C–L Cartage Co., Inc.*, 899 F.2d 1490 (6th Cir. 1990); *In re Robinson Bros. Drilling Co.*, 892 F.2d 850 (10th Cir.1989); *Official Unsecured Creditors' Committee of Sufolla, Inc. (In re Sufolla, Inc.)*, Adv. No. 89–3077, Case No. 388–02683–S11, slip op. (Bankr.D.Or. Oct. 2, 1990) (Perris, J.); *Morrow v. LaPrade (In re Latitudes Marine Towing & Salvage, Inc.)*, Adv. No. 88–0363–S, Case No. 388–00337–S7, slip op. (Bankr.D.Or. Dec. 23, 1988) (Sullivan, J.). All of these cases involved a guarantor as insider rather than a co-maker as insider. The question this court must decide is whether the *Deprizio* doctrine should be applied under our facts, and, if applied, whether it requires repayment by the bank of the total amount of the debtor's transfer to it, $1,473.21, or only one-half that amount. I hold that the *Deprizio* doctrine does apply and compels the bank to return

the total amount of the payments made to it by the debtor within the one year preference period. My reasoning follows.

■ The parties agree that under our facts, the insider[2] would have had a right as co-maker under state law to a contribution payment from the debtor had the debtor not made the alleged preferential payments to the bank, and he, rather than the debtor, was forced to pay the bank as co-obligor. This is a crucial determination. If the co-maker did not have such a contingent claim, he would not be a creditor of the debtor as to that loan in the bankruptcy, and the trustee would be unable to avoid any transfer under § 547(b) made outside the 90 day period. This is so because any determination under § 547(b) of the avoidability of such a transfer is analyzed with reference to the "insider", rather than the initial transferee, as "creditor". Because under Oregon law the co-maker has a right to contribution from the debtor on the debt to the bank, he is a "creditor" of the debtor and the *Deprizio* doctrine may apply.[3]

Although the bank admits that the co-maker is a creditor of the debtor, it argues that the *Deprizio* reasoning breaks down under our facts where, unlike *Deprizio*, the insider is a co-maker rather than a guarantor. It admits that when the debtor paid $1,473.21 to the bank the co-maker's liability was reduced by that amount just as it would have been if he had been a guarantor rather than a co-maker. However, it points out that at the time the debtor made that payment to the bank she acquired the right, under Oregon law, to seek contribution from the co-maker for one-half of the payments she made to the bank. She would have had no such right of contribution if the insider had been a guarantor rather than a co-maker. Under the *Deprizio* facts the "net benefit" to the insider-guarantor was 100%. Under our facts the bank contends the "net benefit" to the insider co-maker was 50%. Thus the trustee

2. Section 101(30)(A)(i) defines insider as a relative of the debtor.

3. Section 101(9) defines "creditor" as one who has a claim against the debtor. Section 101(4) defines "claim" to include a contingent right to payment. *See Deprizio*, 874 F.2d at 1190 n. 4.

may only avoid the transfer to the bank to the extent of $736.61. This court disagrees. It is unclear why the bank thinks the amount it must return to the estate is affected by a change in the legal rights and obligations between the debtor and the insider. A close look at the *Deprizio* analysis reveals otherwise.

Under both §§ 547 and 550, what is avoided and recovered is the transfer. The *Deprizio* court pointed out that § 101(50) of the Code equates "transfer" not with benefit received but with payments made. That is, the transfer is defined by the Code from the debtor's perspective. If the elements of § 547(b) are present and the transfer is avoidable, § 550 allows the trustee to recover the complete transfer either from the initial transferee or a mediate transferee. *Deprizio*, 874 F.2d at 1195. Under our facts, within one year of bankruptcy the debtor transferred, or made payments of, $1,473.21. This transfer, if avoidable, is recoverable from the bank.

The transfer made is fully recoverable if avoidable under the provisions of § 547(b) unless one of the affirmative defenses available to the creditor under § 547(c) is shown to apply. For example, an otherwise preferential transfer will not be avoidable *to the extent* it is shown to be a transfer made in the ordinary course of business under § 547(c)(2). Thus a preferential transfer may be partially avoidable due to the application of a § 547(c) defense. The bank has raised no § 547(c) defenses.

Ultimately the bank rests its argument on principles of equity as the trustee has inherited the debtor's right of contribution from the insider. Assuming for the sake of argument that requiring the bank to repay the transfer to the estate would be inequitable, this court is not free to exercise its equitable powers to negate rights granted by statute. *Id.* at 1197 ("whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."). This court does not believe, however, the result is inequitable. The bank may pursue the co-maker for the full amount due on the obligation. The trustee, having recaptured the debtor's payment to the bank, would have no right of contribution from the co-maker. Thus the trustee would have no opportunity to receive a partial double payment.

The bank's motion for partial summary judgment is denied. This Memorandum Opinion includes the court's findings of fact and conclusions of law and pursuant to Bankruptcy Rule 7052 they will not be separately stated. An order consistent herewith shall be entered.