**In re SEASONS PROPERTIES, Debtor.**

**UNSECURED CREDITORS' COMMITTEE OF SEASONS PROPERTIES, Plaintiff,**

**v.**

**MILLER & MARTIN, Defendant.**

Bankruptcy No. 91–10870.
Adv. No. 91–1742.

United States Bankruptcy Court,
E.D. Tennessee.

May 13, 1992.

Gary R. Patrick, Cara J. Alday, Chattanooga, Tenn., for plaintiff.

Shelley D. Rucker, Nicholas W. Whittenburg, Chattanooga, Tenn., for defendant.

## MEMORANDUM

JOHN C. COOK, Bankruptcy Judge.

In this action the plaintiff seeks to avoid and recover for the benefit of the estate an alleged preferential transfer made by a debtor partnership to the defendant, a partnership creditor, more than ninety days but within a year of the debtor's bankruptcy filing. The proceeding is before the court on cross motions for summary judgment.

There are two principal issues for decision at this time: (1) whether the defendant is entitled to a summary judgment that it was not an insider subject to the one-year reach back period for recovery of preferences, and (2) whether the plaintiff is nevertheless entitled to the one-year reach back period based on the theory that the transfer benefitted and was preferential to the insider general partners.

### I.

The debtor, Seasons Properties, is a general partnership and John H. Sutton Jr. and Gloria Sutton are its general partners. The defendant, Miller & Martin, is a law firm that previously performed legal services for the debtor.

As of July 3, 1990, the debtor owed the defendant $152,432.20 in legal fees. In consideration of the defendant's agreement to forego immediate collection of this amount, the indebtedness was incorporated into a promissory note dated July 3, 1990, which was executed by the debtor through its general partners, the Suttons. The Suttons also signed the note in their individual capacities. To secure the note, the debtor executed a security deed in certain property of the debtor known as Battlefield Plaza, located in Catoosa County, Georgia. The security deed was also executed by the debtor through its general partners on July

3, 1990, and was perfected by filing in Catoosa County, Georgia, on July 5, 1990.

On February 21, 1991, the debtor filed its chapter 11 bankruptcy petition. During the bankruptcy proceedings, the court approved the sale of Battlefield Plaza with all liens attaching to the sale proceeds.

Thereafter, the Unsecured Creditors' Committee filed this adversary proceeding to avoid the defendant's security deed pursuant to 11 U.S.C.A. § 547(b) (West 1979 & Supp.1992) and to recover the avoided lien for the benefit of the estate under 11 U.S.C.A. § 550 (West 1979 & Supp.1992).[1]

## II.

The plaintiff makes two arguments in support of its claim that it is entitled to avoid and recover the transfer of the security deed as a preference under § 547(b): (1) the plaintiff contends the defendant was an insider of the debtor at the time the alleged preferential transfer was made thereby entitling the plaintiff to the one-year reach back period to avoid the transfer; and (2) the plaintiff contends the transfer was for the benefit of the partnership's general partners thereby entitling the plaintiff to the one-year reach back period for avoiding the alleged preference that is then subject to recovery from the defendant as initial transferee under § 550 of the Bankruptcy Code.

In order to avoid the transfer as preferential, the plaintiff must prove, among other things, that the transfer was "to or for the benefit of a creditor" made "on or within 90 days before the date of the filing of the petition" or "between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider[.]" *See* 11 U.S.C.A. § 547(b)(1) and § 547(b)(4)(A), (B) (West 1979 & Supp.1992).

■ Considering first the plaintiff's contention that it is entitled to the one-year reach back period because the defendant was an insider at the time of the transfer,

the court finds that the record demonstrates the defendant was not an insider at that time. The Bankruptcy Code defines, in relevant part, "insider" to include:

(C) if the debtor is a partnership—

(i) general partner in the debtor;

(ii) relative of a general partner in, general partner of, or person in control of the debtor;

(iii) partnership in which the debtor is a general partner;

(iv) general partner of the debtor; or

(v) person in control of the debtor.

11 U.S.C.A. § 101(31)(C) (West 1979 & Supp.1992).

According to uncontradicted affidavits submitted by the defendant, the defendant does not fall within any of the categories of partnership insiders listed in § 101(31)(C). Although the defendant did serve as counsel for the debtor in rendering certain legal services, and although the defendant did possess some knowledge concerning the debtor's financial affairs, the affidavits establish the defendant did not exercise or even have any authority to exercise control over the partnership. The defendant is therefore entitled to a summary judgment dismissing the plaintiff's claim that the defendant was an insider subject to the one-year reach back period for preference recoveries under § 547(b)(4)(B). *See generally Jahn v. Economy Car Leasing (In re Henderson),* 96 B.R. 820 (Bankr.E.D.Tenn. 1989).

■ The plaintiff's second argument relies upon the reasoning contained in *Levit v. Ingersoll Rand Fin. Corp.,* 874 F.2d 1186 (7th Cir.1989) and those cases that have followed the *Levit* rationale. *See T.B. Westex Foods v. FDIC (In re T.B. Westex Foods),* 950 F.2d 1187 (5th Cir.1992); *Ray v. City Bank & Trust Co. (In re C–L Cartage Co.),* 899 F.2d 1490 (6th Cir.1990); *Lowrey v. First Nat'l Bank (In re Robinson Bros. Drilling),* 97 B.R. 77 (W.D.Okla.1988), *aff'd,* 892 F.2d 850 (10th Cir.1989).

---

**1.** By an order entered October 8, 1991, the Unsecured Creditors' Committee was granted authority to bring this action.

In *Levit*, the court held that if debts owed to an outside creditor are guaranteed by an insider of the debtor, the creditor can be required to disgorge preferential payments received from the debtor more than ninety days but less than a year before its bankruptcy, even though the creditor would have been immune from that attack without the guarantee. *Levit*, 874 F.2d at 1194–1200. The holding was based upon a literal reading of § 550 of the Bankruptcy Code which provides that to the extent a transfer is avoided under § 547, the trustee may recover from the initial transferee of such transfer or the entity for whose benefit such transfer was made. 11 U.S.C.A. § 550(a)(1) (West 1979 & Supp.1992).

The question presented here is whether the plaintiff can successfully use the *Levit* rationale to recover the transfer made to the defendant in this case. The court concludes that it cannot.

■ When a corporate insider guarantees corporate debt, the corporate guarantor is a contingent creditor of the corporation. To the extent the guarantor is called upon to pay the corporate debt, the guarantor will have a corresponding claim against the corporation for reimbursement of the payment. Of course, any payment by the corporation on that debt benefits the corporate guarantor to the extent of the payment. Thus, when the corporation makes payments on a corporate debt guaranteed by a corporate insider, those payments are considered, within the meaning of § 547(b)(1), as transfers for the benefit of the corporate insider as a contingent creditor. If all other elements of a preferential transfer are satisfied, such a transfer occurring more than ninety days but within one year of the debtor's bankruptcy filing may be avoided pursuant to the one-year reach back period for insiders provided in § 547(b)(4)(B). Upon avoidance, the trustee may then recover from the noninsider transferee pursuant to the provisions of § 550.

■ The facts in this case differ from *Levit* because the insider purportedly benefitting here is not a corporate insider guarantor, but a general partner of a partnership who by operation of partnership law is liable for all partnership debts if the partnership assets are insufficient to satisfy those debts. *See* Tenn.Code Ann. § 61–1–114 (1989). The transfer of the security deed did not benefit the Suttons because their liability for the partnership debts remained the same. If all general partners are liable for partnership debt, the preferential payment of one of those debts will not reduce the partners' net exposure on partnership obligations. The partners will remain liable for whatever deficiency of partnership assets there may be to satisfy the partnership debts, and that figure will be the same whether or not partnership creditors are paid ratably or some are preferred.[2] While the transfer of the security deed to the defendant reduced the Suttons' potential liability to the defendant, their potential exposure for the claims of other partnership creditors increased by an equal amount. If the partners' potential claims against the partnership debtor are not reduced by the preferential payment of a partnership debt, the payment was not for the benefit of an insider creditor. Absent a transfer for the benefit of an insider creditor, the plaintiff would not be entitled to the one-year reach back period.[3]

2. Assume, for example, that during the preference period the partnership owed partnership creditors $50,000 but partnership assets to pay those debts totaled only $40,000. At that point the general partners would have a liability exposure of $10,000 representing the deficiency between partnership assets and debt. If a $5,000 prepetition payment is made to a partnership creditor from partnership assets, the partnership liabilities will be reduced by $5,000 and the partnership assets will likewise be reduced by $5,000. The prepetition payment, however, did not decrease the liability exposure of the general

al partners. They are still liable for the $10,000 deficiency.

3. The court wishes to acknowledge that it found helpful a recent article by David Katzen which addressed the ramifications of the *Levit* holding on transfers to partnership creditors. In that article, David Katzen stated the absence of "benefit" to a general partner from a transfer of partnership assets to a partnership creditor removes such transfers from the *Levit* rule. Katzen suggests that a preferential payment should not be regarded as "for the benefit" of an insid-

Because the transfer of the security deed to the defendant was neither a transfer to an insider creditor nor a transfer for the benefit of an insider creditor, the defendant is entitled to an order granting its motion for summary judgment and dismissing this proceeding. An appropriate order will enter.

er unless at least one partnership creditor did not have the same recourse against all present and former general partners as other existing partnership creditors had when the payment was made, and the preference actually did benefit at least one current insider. David Katzen, *Deprizio Unchained: Extended Reachback Exposure for Outsiders Who Have Not Taken Insider Guaranties,* 4 in Banking Law Committee, Business Law Section, American Bar Association, The Outer Limits of Deprizio (1990). In the instant case, there is no suggestion that any partnership creditor lacked the same recourse against the general partners as other existing partnership creditors had when the payment was made.